**Alan H. SEDELBAUER, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 3–1179A302.**

Court of Appeals of Indiana, Fourth District.

April 2, 1980.

K. Richard Payne, Fort Wayne, Robert Eugene Smith, Atlanta, Ga., for appellant.

Theodore L. Sendak, Atty. Gen., Thomas D. Quigley, Deputy Atty. Gen., Indianapolis, for appellee.

YOUNG, Judge.

Appellant Sedelbauer was convicted on two (2) counts of Distributing Obscene Matter for Consideration in violation of IC 35–30–10.1–2(2), sentenced on both counts to thirty (30) days imprisonment and fined Three Thousand Dollars ($3,000.00). He appeals arguing that the giving of court's instruction no. 12 was error. We agree and reverse.

The instruction complained of reads as follows:

In determining the question of whether the allegedly obscene matter or performance involved, taken as a whole, lacks serious literary, artistic, political, or scientific value, the jury may consider whether the matter or performance has been pandered, by looking to the circumstances of distribution, sale, advertisement, or editorial intent, and particularly whether such circumstances indicate that the matter or performance was being commercially exploited for the sake of its prurient appeal

and whether any social importance claimed was in the circumstances pretense or reality.

Such evidence is probative with respect to the nature of the matter or performance, and if the jury concludes that the sole emphasis was in the sexually provocative aspect, this can justify the conclusion that the matter or performance is lacking in serious literary, artistic, political, or scientific value.

The weight, if any, which such evidence is entitled is a matter for the jury to determine.

The appellant contends that the evidence did not warrant giving this instruction and that it is misleading.

The evidence which the State urges as sufficient to justify giving the instruction is as follows:

(1) Sedelbauer was engaged in a business

(2) selling textual or graphic matter

(3) the sign on the front window of the business recited "Swingers World Book Store," "Films, Peep Shows."

■ "Pandering" is defined by the United States Supreme Court as "the business of purveying textual or graphic matter openly advertised to appeal to the erotic interest of the customers." *Pinkus v. United States*, (1978) 436 U.S. 293, 98 S.Ct. 1808, 56 L.Ed.2d 293. It is also a crime in Indiana, that being the conduct of procuring, or offering or agreeing to procure any person for another person for the purpose of prostitution. IC 1976, 35–45–4–4(2) (West 1978). A panderer is defined by Webster's Third New International Dictionary 1629 (1976) as

(a) a go between in love intrigues;

(b) a man who solicits clients for a prostitute—a procurer;

(c) someone who caters to and often exploits the weaknesses of others.

No definition was given to the jury. The instruction is incomplete as "pandering" is a word of art which has special meaning depending upon which definition is applicable.

Obviously, Sedelbauer was not a pimp. He was a clerk whose only act was to recite the price of the films when asked by the undercover vice squad officers. The jury should have been told of the United States Supreme Court's definition of the word and it was error to give the instruction without it.

■ The instruction is improper because there was no evidence of pandering no matter which definition is applicable. Its legal source is *Ginsburg v. United States*, (1966) 383 U.S. 463, 86 S.Ct. 942, 16 L.Ed.2d 31, reh. den. 384 U.S. 934, 86 S.Ct. 1440, 16 L.Ed.2d 536. Ginsburg's conviction was for mailing material advertising and promoting the sale of *EROS* proclaiming its obscenity. No such marketing occurred here. Sedelbauer only stated a price for the film. The fact that the establishment was named "Swingers Adult Book & News Store" adds nothing to the need for such an instruction in the absence of any proof of the meaning of the word "swinger." It could well be a surname.

Instruction no. 12 was also misleading in that no evidence was produced by the State that any performance took place in or about Swingers Adult News and Book Store. We likewise have a definition of that word furnished us by the General Assembly.

"Performance" means any play, motion picture, dance, or other exhibition or presentation, whether pictured, animated, or live, performed before an audience of one (1) or more persons.

IC 1976, 35–30–10.1–1 (West 1978). Sedelbauer was not identified as being any of the performers in either the magazine or the film he sold. There was no evidence that he danced or acted before audiences of one or more. Nor was the motion picture exhibited[1] at the book store. The trial court should not have instructed the jury on a matter which was not supported by any evidence.

We reverse.

MILLER, P. J., and CHIPMAN, J., concur.

---

1. Exhibition means more than showing the box in which the film was packaged in this context.